ON MOTION FOR REHEARING

PER CURIAM.
By unpublished order, we granted petitions for writ of habeas corpus filed by N.E.W. and T.J.S. and directed their release from juvenile detention. Respondent, State of Florida, has filed a motion for rehearing or clarification and asks this court to certify conflict with an opinion issued by the Fifth District. We clarify our earlier order, deny rehearing, and deny certification of a conflict.
N.E.W. and T.J.S. were under supervision for delinquent offenses which would have constituted felonies had they been treated as adults. During their terms of community control, each was charged with a new misdemeanor level offense that did not involve domestic violence. As such, neither qualified for any form of detention pursuant to section 985.215(2), Florida Statutes (1997), based exclusively upon the new arrest. Nevertheless, both juveniles were detained as a result of a policy adopted by the Department of Juvenile Justice (Department) in such circumstances to score the earlier third-degree felony offense on the Risk Assessment Instrument which fulfilled the requirements of section 985.215(2)(e) - and (f)4, respectively, had they been new offenses.
We have considered the arguments advanced in the State’s motion for rehearing, and remain unpersuaded that the policy adopted by the Department, and endorsed by the juvenile judges presiding over these detention hearings, has any statutory foundation. In our order we concluded that there is no statutory authority to score a delinquent offense that has already been the subject of an adjudicatory hearing when a juvenile is picked up for a new offense. We now add the clarification that insofar as the earlier delinquency qualifies as a prior offense or affects the juvenile’s legal status, it must be considered as part of the detention criteria. It may not, however, be treated a second time as a primary charge on which a detention determination is based.
The State, in its response to these petitions, concedes that these juveniles were not taken into custody as community control violators pursuant to section 985.207(l)(d), and that the provisions for detention of such violators as spelled out in section 985.215(2)(g) do not apply. To the extent that our unpublished order granting the petitions referred to the State’s argument that section 985.215(2)(g) applies only to technical, as opposed to new lawbreaking violations, we clarify our order and express no opinion on that argument because it is not germane to the resolution of this controversy.
*1160 Department of Health & Rehabilitative Services v. State, 599 So.2d 123 (Fla. 5th DCA 1992), approves a scoring policy similar to that adopted by the Department and under consideration here. The Fifth District reached its result to achieve a legislative objective and to cure what it hints was legislative oversight by deleting the provisions of chapter 39, Florida Statutes (1989), which authorized the detention of community control violators. Section 985.215(2)(g) now fills the void which the Fifth District identified. Accordingly, we disagree that this opinion conflicts with Department of Health & Rehabilitative Services, and decline to certify conflict.
Motion to clarify granted, rehearing and certification of conflict denied.
BLUE, A.C.J., and FULMER and QUINCE, JJ., concur.